# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF TENNESSEE
## NASHVILLE DIVISION

**KENNETH KEEL,**                          )
                                           )
        **Plaintiff,**              )     **No. 3:10-cv-00757**
                                           )     **Judge Sharp**
**v.**                                     )
                                           )
**GAYLE RAY, et al.,**                     )
                                           )
        **Defendants.**             )

## M E M O R A N D U M

The Plaintiff, an inmate at the Morgan County Correctional Complex in Wartburg, Tennessee, brings this *pro se, in forma pauperis* action under 42 U.S.C. § 1983 against multiple Defendants. (Docket No. 1). The Plaintiff alleges that he suffers from the mental illness of sexual addiction and that the Defendants have denied the Plaintiff's repeated requests to obtain treatment for his sexual addiction while incarcerated. The Plaintiff asks the Court to order the Tennessee Department of Corrections to provide him with treatment for his sexual addiction. (Docket No. 1). The Plaintiff also has filed a motion for a preliminary injunction and restraining order (Docket No. 9), a motion for appointment of counsel (Docket No. 11), and a letter requesting the status of his case (Docket No. 16).[1]

## I.    PLRA Review of the Complaint

Under the Prison Litigation Reform Act (PLRA), the courts are required to dismiss a prisoner's complaint if it is determined to be frivolous, malicious, or if it fails to state a claim on

---

[1]By Order entered on June 3, 2011, the Plaintiff's case was reassigned to the undersigned for all further proceedings. (Docket No. 19).

which relief may be granted. 28 U.S.C. § 1915A(b). Although the courts are required to construe *pro se* pleadings liberally, *see Boag v. MacDougall*, 454 U.S. 364, 365 (1982), under the PLRA, the "courts have no discretion in permitting a plaintiff to amend a complaint to avoid a *sua sponte* dismissal," *McGore v. Wrigglesworth*, 114 F.3d 601, 612 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

The complaint alleges that the Plaintiff suffers from a sexual addiction. The Plaintiff alleges that, during his period of incarceration, he has received over forty (40) sexual misconduct "write ups" as well as indecent exposure disciplinary infractions. (Docket No. 1 at p. 4). The Plaintiff alleges that he has submitted numerous written requests for treatment for his addiction to Defendants, all of which have been ignored or denied. (*Id*. at pp. 5-6).

To establish a violation of his constitutional rights resulting from a denial of adequate medical care, the Plaintiff must show that the defendants were deliberately indifferent to his serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Brooks v. Celeste*, 39 F.3d 125, 127 (6th Cir. 1994). "Deliberate indifference" is the reckless disregard of a substantial risk of serious harm; mere negligence, or even gross negligence, will not suffice. *Farmer v. Brennan*, 511 U.S. 825, 835-36 (1994); *Williams v. Mehra*, 186 F.3d 685, 691 (6th Cir. 1999)(*en banc*); *Westlake v. Lucas*, 537 F.2d 857, 860-61 n. 5 (6th Cir. 1976); *see also Estelle*, 429 U.S. at 105-06.

An Eighth Amendment claim of denial of medical care claim has both an objective and subjective component. The objective component requires that the plaintiff's medical needs were sufficiently serious. *See Rhodes v. Chapman*, 452 U.S. 337 (1981); *Hunt v. Reynolds*, 974 F.2d 734, 735 (6th Cir. 1992). The subjective component requires that the defendants were deliberately indifferent to the plaintiff's medical needs. *See Wilson v. Seiter*, 501 U.S. 294 (1991); *Hunt*, 974

F.2d at 735.  Courts repeatedly have held that the treatment of a psychiatric or psychological condition may present a "serious medical need" under *Estelle*.  *Phillips v. Mich. Dep't of Corrs.*, 731 F. Supp. 792, 799 (W.D. Mich. 1990)(citing *White v. Farrier*, 849 F.2d 322 (8th Cir. 1988); *Meriwether v. Faulker*, 821 F.2d 408  (7th Cir. 1987), *cert. denied*, 484 U.S. 935 (1987)).  These courts have found that "the general principles and standards of the Eighth Amendment apply to the provision of mental health care."  *Id.* (citation omitted).

Complaints of malpractice or allegations of negligence are insufficient to entitle a plaintiff to relief.  *Estelle*, 429 U.S. at 105-06.  A prisoner's difference of opinion regarding diagnosis or treatment also does not rise to the level of an Eighth Amendment violation.  *Id.* at 107.  Further, where a prisoner has received some medical attention, but disputes the adequacy of that treatment, the federal courts are reluctant to second-guess the medical judgments of prison officials and constitutionalize claims that sound in state tort law.  *Westlake*, 537 F.2d at 860 n. 5 (6th Cir. 1976).  Finally, to set forth a viable claim for the denial of medical care, the plaintiff must argue that his health suffered as a consequence of such alleged denial.  *See Thaddeus-X v. Blatter*, 175 F.3d 378, 401 (6th Cir. 1999).

In summary, the Plaintiff alleges that sexual addiction is a disease and a mental illness from which he suffers, a serious medical need that requires treatment.  The substantive federal right most closely implicated by the Plaintiff's allegations is the Eighth Amendment right to receive necessary medical and/or mental health treatment, a right which the Plaintiff alleges includes sexual addiction therapy.  The Plaintiff alleges that the Defendants have ignored his repeated requests for treatment and that the Plaintiff has continued to exhibit inappropriate sexual behavior without the treatment he has sought.  The Court finds that the Plaintiff has stated a non-frivolous claim under the Eighth

Amendment which, if proven, could entitle him to some kind of mental health treatment. 28 U.S.C. § 1915A. Process shall issue as to that claim.

## II.    Motion for Preliminary Injunction

The Plaintiff also has filed a "Motion for Preliminary Injunction [and] Restraining Order" (Docket No. 9) in which the Plaintiff alleges that certain persons are restricting his access to legal materials at the prison law library.

The law is well settled that a prisoner has a First Amendment right of access to the courts. *Bounds v. Smith*, 430 U.S. 817, 821-823 (1977). The right of access to the courts requires prison officials to ensure that inmates have access to the courts that is "adequate, effective and meaningful." *Id*. at 822. To ensure the meaningful exercise of this right, prison officials are under an affirmative obligation to provide inmates with access to an adequate law library, *Walker v. Mintzes*, 771 F.2d 920, 931 (6th Cir. 1985), or some alternative form of legal assistance, *Procunier v. Martinez*, 416 U.S. 396, 419 (1974)(overruled on other grounds by *Thornburgh v. Abbott*, 490 U.S. 401 (1989)). Meaningful access varies with the circumstances, and prison officials are accorded discretion in determining how that right is to be administered. *Bounds,* 430 U.S. at 830-31.

However, it is not enough for plaintiff simply to claim that he was denied access to the courts, or that he did not have access to an adequate law library or to some alternate form of legal assistance. To state a claim on which relief may be granted, plaintiff must show that a defendant's conduct in some way prejudiced the filing or prosecution of a legal matter. *Walker*, 771 F.2d at 932; *Kensu v. Haigh*, 87 F.3d 172, 175 (6th Cir. 1996).

Here, the Plaintiff has not alleged that any person's conduct prejudiced his filing or

prosecution of a legal matter. (Docket Nos. 9 and 10). Indeed, despite the conduct about which the Plaintiff complains, he successfully has typed and filed a complaint, a motion for preliminary injunction, an affidavit, a motion for appointment of counsel, and a letter to the court. Moreover, the Court has found that the Plaintiff's allegations state a viable Eighth Amendment claim. As such, the Plaintiff fails to persuade the Court that the issuance of the requested preliminary injunction is necessary at this time. The Plaintiff's motion (Docket No. 9), therefore, will be denied. If the Plaintiff desires, he may amend his complaint once as a matter of right to include allegations pertaining to the denial of access to legal materials.

### III. Motion for Appointment of Counsel

The Plaintiff also has filed a motion for appointment of counsel. (Docket No. 11). The Supreme Court has held that "an indigent's right to appointed counsel . . . exists only where the litigant may lose his physical liberty if he loses the litigation." *Lassiter v. Dep't of Social Servs.*, 452 U.S. 18, 25 (1981). As the Plaintiff recognizes, unlike criminal proceedings, there is no constitutional right to an appointed counsel in a civil action, such as this action. *Willett v. Wells*, 469 F. Supp. 748, 751 (E.D. Tenn. 1977), *aff'd*, 595 F.2d 1227 (6th Cir. 1979); *see Williamson v. Autorama, Inc.,* No. 91-5759, 947 F.2d 947 (6th Cir. 1991)(citing *Willett* favorably).

The appointment of counsel for a civil litigant is a matter within the discretion of the district court and will occur only under exceptional circumstances. *Lavado v. Keohane*, 992 F.2d 601, 604-05 (6th Cir. 1993). In this instance, the Plaintiff asserts that he is unable to afford counsel, he has limited access to a law library due to his administrative segregation, he has limited knowledge of the law, and the issues presented in his case are complicated. (Docket No. 11). The Plaintiff's circumstances as described, however, are typical to many prisoners and do not suggest anything

exceptional in nature.   Therefore, the motion for the appointment of counsel (Docket No. 11) will

be denied.   However, should the issues presented in this case warrant the appointment of counsel

at a later stage of these proceedings, the Court will revisit the Plaintiff's request for court-appointed

legal representation at that time.

## IV.    Conclusion

For the reasons explained more fully above, the Plaintiff's motion for preliminary injunction

(Docket No. 9) will be **DENIED.**  Likewise, the Plaintiff's motion for appointment of counsel

(Docket No. 11) will be **DENIED.**

The Court finds that the complaint states a non-frivolous claim under the Eighth Amendment

which, if proven, could entitle the Plaintiff to some kind of mental health treatment.  28 U.S.C. §

1915A.  Process shall issue as to that claim.

An appropriate Order will be entered.

_____
Kevin H. Sharp
United States District Judge