IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| KENNETH KEEL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 3:10-cv-00757 |
| ) | Judge Sharp/Brown |
| GAYLE RAY, et al., ) | |
| ) | |
| Defendants. ) | |

To: The Honorable Kevin H. Sharp, District Judge

## **REPORT AND RECOMMENDATION**

Currently pending before the Magistrate Judge is Defendants' Motion to Dismiss. (Docket Entry 48). Defendants filed a supporting memorandum with said motion and, in turn, Plaintiff filed a response. (Docket Entries 49, 50). For the reasons stated below, the Magistrate Judge **RECOMMENDS** that Defendants' Motion to Dismiss be **GRANTED**.

### I. PROCEDURAL AND FACTUAL BACKGROUND

On August 12, 2010, Plaintiff, proceeding *pro se* and *in forma pauperis*, filed a complaint under 42 U.S.C. § 1983 alleging that Defendants violated his Eighth Amendment rights. (Docket Entry 1). At this time, Plaintiff was a prisoner in custody of the Tennessee Department of Corrections ("TDOC") and housed at the Riverbend Maximum Security Institution ("RMSI").[1] *Id.* Some incidents Plaintiff alleged, however, took place during a period

---

[1] Plaintiff was transferred from RMSI to the Morgan County Correctional Complex in Wartburg, Tennessee, per his letter dated May 20, 2011. (Docket Entry 18).

1

when he was confined at the South Central Correctional Center ("SCCC"), a prison managed by Correctional Corporation of America ("CCA"). (*Id*., p. 5). Plaintiff's chief request for relief is an injunction: he wants the Court to order the TDOC to provide him with treatment for sexual addition. (*Id*., p. 8).

On March 23, 2011, Plaintiff moved the Court for a preliminary injunction regarding access to legal materials at the prison law library and to appoint him legal counsel. (Docket Entries 9, 11). Both motions were denied by Judge Sharp on August 10, 2011.[2] (Docket Entries 21, 22). This case was then referred to the Magistrate Judge for management, decision on all pre-trial, non-dispositive motions and for necessary Report and Recommendation on all dispositive motions. (Docket Entry 22).

Plaintiff, apparently released from prison on August 14, 2011, personally visited the Clerk's Office on August 15, 2011 to give notice of his change of address. (Docket Entry 25). Plaintiff also filed a Motion to Amend Documents on August 15, 2011, and the Magistrate Judge granted said motion on August 17, 2011. (Docket Entries 24, 27). On September 15, 2011, the Magistrate Judge extended the answer deadline for all Defendants until October 24, 2011. (Docket Entry 39). Defendants timely filed the currently-pending Motion to Dismiss and supporting memorandum (Docket Entries 48, 49). Defendants claim that, because "Plaintiff is no longer an inmate in custody of the TDOC . . . [his] claim for injunctive relief is now moot and must be dismissed." (Docket Entry 49, p. 2).

---

[2]Per a June 1, 2011 order signed by Judge Haynes, this case was transferred to Judge Sharp pursuant to his appointment as District Judge and corresponding division of the docket. All previously imposed deadlines and Court dates remained unchanged, pending any further order of the Court. (Docket Entry 19).

## II. LEGAL DISCUSSION

### A. Standard of Review for Motion to Dismiss

An action may be dismissed if the complaint fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). In deciding a Rule 12(b)(6) motion, a district court must view the complaint in the light most favorable to the plaintiff and take all well-pleaded factual allegations as true, as the moving party has the burden of proving that no claim exists. *Erickson v. Pardus*, 550 U.S. 89 (2007). Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief. Specific facts are not necessary; the statement need only give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). However, although a complaint is to be liberally construed, the District Court need not accept a "bare assertion or legal conclusions." *Id. See also Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009). When viewing the complaint under the above standards, to survive a motion to dismiss, a complaint must contain (1) "enough facts to state a claim to relief that is plausible," (2) more than "a formulaic recitation of a cause of action's elements," and (3) allegations that suggest a "right to relief above a speculative level." *Twombly*, 550 U.S. at 555-56. In other words, "[t]o state a valid claim, a complaint must contain either direct or inferential allegations respecting all the material elements to sustain recovery under some viable legal theory." *League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007).

### B. Plaintiff's Request for Injunctive Relief is Moot

Article III of the Constitution provides that this Court "lacks jurisdiction to consider any case or issue that has 'lost its character as a present, live controversy' and thereby becomes

3

moot." *Demis v. Sniezek*, 558 F.3d 508, 512 (6th Cir. 2009) (quoting *Hall v. Beals*, 396 U.S. 45, 48 (1969)). When reviewing a case where a *pro se* prisoner filed a complaint under 42 U.S.C. § 1983, the Sixth Circuit stated: "[w]e note that Plaintiff also requested injunctive and declaratory relief in his complaint; however, because he is no longer incarcerated . . . these prayers for relief are moot." *Dellis v. Corrections Corp. of America*, 257 F.3d 508, 510 (6th Cir. 2001) (citing *Kensu v. Haigh*, 87 F.3d 172, 175 (6th Cir. 1996)). This Court recently considered a matter analogous to the case at bar in *Vincent v. Melton*, No. 2:09-00103, 2010 WL 3420333 (M.D. Tenn. August 26, 2010). In granting Defendants' Motion to Dismiss, this Court noted that the *pro se* prisoner's "claims for injunctive relief are moot because [he] is no longer incarcerated[.]" *Id.* at *22 (citing *Kensu*, 87 F.3d at 175).

Turning to this case, Plaintiff's request for injunctive relief is moot because he is no longer incarcerated. Plaintiff's only substantive request for relief was a court order directing the TDOC to provide him with treatment for sexual addiction.[3] In short, the Magistrate Judge believes Plaintiff's request for relief became moot upon his release from TDOC custody and, therefore, Plaintiff's complaint must be dismissed.

## IV. CONCLUSION

For the reasons stated above, the undersigned **RECOMMENDS** that the Defendants' Motion to Dismiss be **GRANTED**.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days from receipt of this Report and Recommendation within which to file with the District

---

[3]Specifically, the complaint states: "Plaintiff request that this Honorable Court issue and order (Injunction) directing the Tennessee Department of Corrections to provide treatment for the his illness "Sexual Addiction" behavioral problem," (Docket Entry 1, p. 8).

4

Court any written objections to the proposed findings and recommendations made herein. Any party opposing shall have fourteen (14) days from receipt of any objections filed regarding this report within which to file a response to said objections. Failure to file specific objections within fourteen (14) days of receipt of this Report and Recommendation may constitute a waiver of further appeal of this Recommendation. *Thomas v. Arn*, 474 U.S. 140, *reh'g denied*, 474 U.S. 1111 (1986).

ENTERED this 10th day of November, 2011.

/S/ Joe B. Brown
Joe B. Brown
United States Magistrate Judge